01

02

03

04

05

06

07

08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09   LOCALS 302 AND 612 OF THE          )   Case No. C11-171-JPD
     INTERNATIONAL UNION OF             )
10   OPERATING ENGINEERS                )
     CONSTRUCTION INDUSTRY HEALTH       )
11   AND SECURITY FUND, et al.,         )
                                        )   ORDER GRANTING PLAINTIFFS'
12             Plaintiffs,              )   MOTION FOR SUMMARY JUDGMENT
                                        )
13        v.                            )
                                        )
14   ACE PAVING CO., INC.,              )
                                        )
15             Defendant.               )
     _____)
16                                      )

17            I.   INTRODUCTION AND SUMMARY CONCLUSION

18        Plaintiffs, Local 302 of the International Union of Operating Engineers and three

19   Operating Engineers trust funds, move the Court for summary judgment against defendant

20   Ace Paving Co., Inc.[1]  Dkt. 8; Dkt. 10.  Specifically, plaintiffs bring this suit to recover

21   delinquent employee trust fund contributions, union dues and Union Program ("UP")

22   payments, and attendant amounts, which they claim defendant is bound to pay under several

23   trust agreements and a collective bargaining agreement, the 2010-2011 Operating Engineers

24

25

26        [1]The three trust funds are (1) the Locals 302 and 612 of the International Union of Operating Engineers-
     Construction Industry Health and Security Fund, (2) Locals 302 and 612 of the International Union of Operating
     Engineers-Construction Industry Retirement Fund, and (3) Western Washington Operating Engineers-Employers
     Training Trust Fund.  Dkt. 8 at 1.  Each trust fund is governed by its own trust agreement.

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE – 1

Local 302 Master Labor Agreement (the "CBA").  Dkt. 1.  Plaintiffs make the following

allegations: (1) by entering into the CBA with plaintiffs, defendant agreed to the payment of

employee trust fund contributions and union dues and UP payments for its employees who

perform bargaining unit work; (2) in doing so, defendant also agreed to pay liquidated

damages, interest, attorney's fees and costs for all of its unpaid contributions as set forth in

the trust agreements; and (3) defendant has failed to pay plaintiffs all amounts due for the

employment period of November 2010 through February 2011.

The present matter comes before the Court on plaintiffs' motion for summary

judgment.  Dkt. 8.  Because defendant has failed to respond to this motion, it is treated as an

uncontested motion pursuant to Western District of Washington Local Rule CR 7(b)(2).  After

careful consideration of the motion, governing law, and the balance of the record, the Court

GRANTS plaintiffs' motion.

## II.  FACTS AND PROCEDURAL HISTORY

This is a contract case brought under the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f) and under § 301(a) of the Taft-Hartley

Act, 29 U.S.C. §185(a).  On January 31, 2011, plaintiffs filed a complaint to collect

delinquent contributions and union dues.  Dkt. 1.  The complaint alleges that defendant was

obligated to pay plaintiffs trust fund contributions, as well as union dues and UP payments,

but failed to do so for the employment period of November 2010 through February 2011.  As

a result, plaintiffs contend that the defendant is also liable for liquidated damages, interest,

and reasonable attorney's fees and costs.

On February 15, 2011, plaintiffs' complaint was served upon defendant.  Dkt. 3.  On

March 4, 2011, defendant filed an answer to the complaint admitting five of the plaintiffs'

factual allegations, and denying the remaining six.  Dkt. 5.  On April 15, 2011, plaintiffs filed

a motion for summary judgment arguing that the facts of its bargaining agreement with

defendant are undisputed, and that defendant is therefore liable for all amounts sought in this

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE – 2

01  action.  Dkt. 8.  On that same day, plaintiffs supplemented their motion with a declaration

02  from Mr. Erik Thompson, the Data Controller of Welfare and Pension Administration

03  Service, Inc. ("WPAS").  Dkt. 9 (Thompson Decl.).

04      Defendant has not filed any opposition to plaintiffs' motion for summary judgment.

05  On May 13, 2011, plaintiffs filed a reply.  Dkt. 10.

## III.  JURISDICTION

07      Pursuant to 28 U.S.C. § 636(c), the parties have consented to having this matter heard

08  by the undersigned Magistrate Judge.  This Court has exclusive jurisdiction over the subject

09  matter of this action pursuant to Section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1)

10  and (f) and under Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a).  Venue is proper

11  in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the

12  plaintiff trusts are administered in this district.

## IV.  DISCUSSION

14      A.      Federal Rule of Civil Procedure 56

15      Summary judgment "shall be entered forthwith if the pleadings, depositions, answers

16  to interrogatories, and admissions on file, together with the affidavits, if any, show that there

17  is no genuine issue as to any material fact and that the moving party is entitled to a judgment

18  as a matter of law."  Fed. R. Civ. P. 56(c).  "When a motion for summary judgment is

19  properly made and supported, an opposing party may not rely merely on allegations or denials

20  in its own pleading; rather, its response must—by affidavits or as otherwise provided in this

21  rule—set out specific facts showing a genuine issue for trial.  If the opposing party does not

22  so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R.

23  Civ. P. 56(e)(2).

24      B.      Plaintiffs' Motion for Summary Judgment

25      Plaintiffs have filed a detailed summary judgment motion supported by admissible and

26  competent declarations and evidence establishing that defendant owes plaintiffs $113,378.82

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE – 3

01   in delinquent contributions, $7,425.33 in union dues and UP payments, $13,605.46 in

02   liquidated damages, $3,001.42 in interest through April 15, 2011 with additional amounts still

03   accruing until the date delinquent contributions are paid in full, and reasonable attorney's fees

04   and costs. Dkt. 9 at 9.  Specifically, as outlined in plaintiffs' motion, defendant signed a

05   compliance agreement with plaintiffs that bound defendant to both the CBA and the three

06   trust agreements. Dkt. 8 at 3.  As part of the CBA, defendant agreed to pay monthly

07   contributions to each of the three trust funds, union dues of 2% of eligible employees' gross

08   wages, and UP payments of $0.30 per compensable hour. Dkt. 8 at 4-5.  Additionally,

09   defendant accepted the terms of the three trust agreements, including the obligation to pay

10   12% of any total delinquent contributions as liquidated damages, interest at 12% per annum

11   until any delinquent contributions are paid in full, as well as attorney's fees and costs incurred

12   in collecting any delinquent contributions.  *Id*. at 6.

13         Plaintiffs have proffered copies of the compliance agreement, CBA, and trust

14   agreements, along with a spreadsheet verifying the amount of overdue contributions,

15   liquidated damages, interest, attorney's fees, and costs incurred.  *Id*., Ex. J.  Finally, plaintiffs'

16   brief is also supported by a declaration from Erik Thompson, the Data Controller of WPAS.

17   Dkt. 9 (Thompson Decl.).  The Court finds that plaintiffs' submissions satisfy the burden of

18   Rule 56(c) by establishing that the nonmovant has failed to present a genuine issue as to any

19   material fact.  This failure of proof "renders all other facts immaterial," and thereby entitles

20   plaintiffs to summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

21   According to the undisputed evidence, defendant failed to pay $113,378.82 in delinquent

22   contributions and $7,425.33 in union dues and UP payments for the employment periods of

23   November 2010 and February 2011. Dkt. 9 at 9 (Thompson Decl.).  As a result, defendant is

24   also obligated to pay $13,605.46 in liquidated damages, $3,001.42 in interest through April

25   15, 2011, with additional amounts accruing until the date delinquent contributions are paid in

26   full, as well as attorney's fees and costs to be determined after plaintiffs submit an attorney's

01 fees and costs declaration. *Id*.

02        C.     <u>Defendant's Failure to Reply</u>

03       Defendant has failed to respond to plaintiffs' motion.  Under Local Rule CR 7(b)(2),

04 "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by

05 the court as an admission that the motion has merit."  Furthermore, by neglecting to respond

06 to the arguments made in plaintiffs' motion, defendant has failed to meet its burden of moving

07 beyond the pleadings to "set forth specific facts showing that there is a genuine issue for

08 trial." Fed. R. Civ. P. 56(e).  As a result, plaintiffs' motion is granted.

09                      V.  CONCLUSION

10       For the foregoing reasons, the Court hereby ORDERS as follows:

11       (1)     Plaintiffs' motion for summary judgment, Dkt. 8, is GRANTED.

12       (2)     Judgment is awarded in favor of plaintiffs and against defendant in the

13               following amounts for the employment periods of November 2010 through

14               February 2011:

15               (A)    $113,378.82 for delinquent contributions;

16               (B)    $7,425.33 for union dues and UP payments;

17               (C)    $13,605.46 for liquidated damages;

18               (D)    $3,001.42 for interest through April 15, 2011 with additional amounts
19                      still accruing until the date delinquent contributions are paid in full;
                     and

20               (E)    Reasonable attorney's fees and costs.

21       (3)     The Clerk of Court is directed to send a copy of this order to the parties.

22       DATED this <u>31st</u> day of May, 2011.

23

24                                  *James P. Donohue*

25                                JAMES P. DONOHUE
                               United States Magistrate Judge

26

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE – 5